# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOVAN MARQUIS HARRIS, <br><br> Defendant. | Case No. 3:16-cr-00272 <br><br> **OPINION AND ORDER REGARDING DEFENDANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL** |

On May 14, 2018, a jury convicted defendant Jovan Harris of one count of conspiracy to possess with intent to distribute and to distribute heroin resulting in serious bodily injury and death; one count of distribution of heroin resulting in death; two of three counts of distribution of heroin resulting in serious bodily injury; and two counts of distribution of heroin between about August 2015 until about November 16, 2016. This case is now before me on Harris's May 16, 2018, Motion For Judgment Of Acquittal and his May 16, 2018, Motion For New Trial. After an extension of time to do so, Harris filed a combined Brief In Support Of Rules 29 & 33 Motions on June 14, 2018. In his Brief, Harris argues that he is entitled to judgment of acquittal, because there was insufficient evidence introduced at trial to support his conviction on any of the charged offenses, or, in the alternative, that he is entitled to a new trial, because the weight of the evidence is contrary to the verdict. On June 27, 2018, the prosecution filed its Response To Rule 29 And Rule 33 Motions, denying that Harris is entitled to any relief from the jury's guilty verdicts.

As the Eighth Circuit Court of Appeals has explained,

> Under Federal Rule of Criminal Procedure 29(a), a district court must grant a defendant's motion for judgment of acquittal where the evidence is insufficient to sustain a conviction. "We review the denial of a motion for judgment of acquittal *de novo*, viewing the evidence in the light most favorable to the jury's verdict." *United States v. Nshanian*, 821 F.3d 1013, 1017 (8th Cir. 2016). "We will direct a judgment of acquittal only when no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id*.

*United States v. Hardin*, 889 F.3d 945, 949 (8th Cir. 2018). As the Eighth Circuit Court of Appeals has also explained,

> Upon the defendant's motion, "the [district] court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, "Rule 33 motions are disfavored." *[United States v.] Rubashkin*, 655 F.3d [849,] 857 [(8th Cir. 2011)] (citation omitted). "Rule 33 is [an] unusual remedy that is reserved for 'exceptional cases in which the evidence preponderates heavily against the verdict.'" *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting 3 Charles Alan Wright, Federal Practice and Procedure § 553, at 248 (2d ed. 1982)). The district court "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id*. (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). While "the district court is permitted to 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict,'" the "court may grant a new trial … only if the evidence weighs so heavily against the verdict that a miscarriage of justice may have occurred." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009) (quoting *United States v. Starr*, 533 F.3d 985, 999 (8th Cir. 2008)).

*United States v. Anwar*, 880 F.3d 958, 969–70 (8th Cir. 2018).

Harris's Rule 29 and Rule 33 motions are essentially reiterations of the arguments in support of his Rule 29 motion for judgment of acquittal in the course of trial. Having heard the evidence at trial, I conclude, again, that this is not a case in which no reasonable jury could have found Harris guilty beyond a reasonable doubt on the five counts on which the jury found him guilty. *Hardi*n, 889 F.3d at 949. Nor do I find that this is an "exceptional case" in which the evidence preponderates so heavily against the verdict that a miscarriage of justice has occurred, so a new trial is not required. *Anwar*, 880 F.3d at 970.

THEREFORE,

1. Defendant Harris's May 16, 2018, Motion For Judgment Of Acquittal (docket no. 98) is **denied**; and

2. Defendant Harris's May 16, 2018, Motion For New Trial (docket no. 99) is also **denied**.

**IT IS SO ORDERED**.

**DATED** this 30th day of July, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA
VISITING JUDGE